## TEXTILE WORKERS UNION OF AMERICA v. AMAZON COTTON MILLS CO.

### Civ. No. 150–S.

District Court, M. D. North Carolina, Salisbury Division.

Feb. 5, 1948.

Robert S. Cahoon, of Greensboro, N. C., and Izadore Katz and David Jeffe, both of New York City, for plaintiff.

L. P. McLendon and Thornton H. Brooks, both of Greensboro, N. C., and Don A. Walser, of Lexington, N. C., for defendant.

HAYES, District Judge.

The evidence produced in open court on January 2, 1948, establishes, for purposes of granting temporary relief, that: (1) plaintiff was the exclusive bargaining agent of the defendant's employees when the contract expired February 28, 1947, at which time more than 400 of its 500 employees had on file with defendant signed orders to check off union dues: (2) defendant refused to bargain collectively with plaintiff in good faith before February 28, 1947 and at all times since that date and is guilty of an unfair labor practice within the meaning of the National Labor Relations Act and as amended, 29 U.S.C.A. § 151 et seq.:

(3) The defendant has wrongfully refused, and wrongfully continues to refuse, to recognize plaintiff as the sole bargaining agent of defendant's employees:

(4) And by its practices, acts and omissions, has deprived plaintiff and defendant's employees of their rights conferred by Section 7 of said Act:

(5) Although plaintiff filed a charge against defendant with the National Labor Relations Board on March 19, 1947, the charge is still pending and has not been heard:

(6) Due to the defendant's unfair labor practices as above, the employees have been unemployed since March 3, 1947 and will remain unemployed by defendant unless the employees will ignore the plaintiff as their sole bargaining agent and accept employment on such conditions as defendant may see fit to impose:

(7) That plaintiff has been furnishing the necessities of life to the families of 400 employees since March 3, 1947:

(8) Immediately preceding the wrongful acts of defendant the plant used three shifts totalling more than 500 employees earning approximately $40,000 per week and were engaged in the production of goods for shipment and use in commerce:

(9) The plant was out of operation from March 3, 1947 to October 7, 1947:

(10) The employees were induced by the defendant and citizens of Thomasville, N. C., to return to work on the assurance of the increased wage which plaintiff secured and the promise of protection by the defendant and the police force of Thomasville, N. C., and the Sheriff of Davidson County:

(11) With such assurances barely enough employees reported to constitute one shift:

(12) these assurances were further bolstered by a sweeping injunction, dated Oct. 17, 1947, out of the state court at the request of defendant which is still in effect:

(13) In spite of all of the foregoing facts, the plant is still unable to operate but one shift; and the free flow of commerce is substantially impeded:

(14) the employees of the defendant are out of work and the production of the plant is only one third of its capacity and this intolerable situation will continue unless the defendant is restrained from continuing its unfair labor practices:

(15) that the plaintiff has no adequate remedy at law:

(16) that the National Labor Relations Board had knowledge of the pendency of this action but did not file with this court a motion to intervene until January 24, 1948, and then asked to intervene and to file a motion to dismiss for want of jurisdiction, assigning the same reasons and presenting the same argument presented by the defendant and considered by the court on December 29, 1947 and which this court over-ruled for the reasons set forth in the written opinion on file in this cause.

(17) So far as the evidence discloses the National Labor Relations Board has not acted on the plaintiff's charge of defendant's unfair labor practice nor has it taken any steps to get the plant into full production by preventing the defendant from continuing its unfair labor practices.

■■ This court's view of the law applicable to this case is stated in the written opinion filed December 29, 1947, D.C., 76 F.Supp. 159. The evidence amply sustains the allegations of the complaint. The Norris-LaGuardia Act, 29 U.S.C.A. § 101 et seq., has no application to the instant case. The inhibitions against the issuance of in-

junctions by federal courts were directed against their use against the employees at the instance of the employer. The pleadings and the proof here show that the defendant employer by disregarding the rights of its employees as established by federal law is crushing its employees, particularly those who are not willing to forsake their union and surrender their right to have a bargaining agent to represent them. The Act does not deprive the federal court of all equitable jurisdiction. The clear intendment of the Act was to stop federal courts from restraining the employees at the request of the employer except upon strict compliance with the provisions of that Act. The Supreme Court held the Act did not apply in United States v. United Mine Workers, 330 U.S. 258, 67 S.Ct. 677. The instant case seeks relief solely against the employer. It prays that the defendant alone be restrained from continuing its unfair labor practices against its employees. That Act is not a weapon of offense to be wielded by the employer against the helpless employees, but it is intended as a shield of defense by which the employees shall be defended against the use of the injunction at the instance of the employer. The protection of section 6 of the the Act was accorded in United Brotherhood of Carpenters and joiners of America v. United States, 330 U.S. 395, 67 S.Ct. 775. The legislative history and purposes of the Act are fully discussed in these cases. The National Labor Relations Board concedes that the Act has no application to the instant case.

■ However, the plaintiff, fearing that it did apply, framed its pleadings and produced its proof to show strict compliance with the Act. Defendant contends that the Act applies and insists that plaintiff has failed to meet its requirements. If this court is correct in holding that the Taft-Hartley Act, 29 U.S.C.A. § 141 et seq., establishes rights which the federal courts can enforce, the law as stated in Virginia Railway Company v. System Federation No. 40, 300 U.S. 515, 563, 57 S.Ct. 592, 81 L.Ed. 789, applies. That the Act confers the rights in question there is no doubt. If this conclusion is correct, then the power to enforce the right follows. Texas & New Orleans Railroad Co. v. Brotherhood, of Ry. v. S. S. Clerks, 281 U.S. 548, 50 S.Ct. 427, 74 L.Ed. 1034.

■ The Taft-Hartley Act leaves the National Labor Relations Board with a remedy in behalf of the United States which the Board alone can enforce in the public interest and in the manner prescribed Amalgamated Utility Workers v. Consolidated Edison Co., 309 U.S. 261, 60 S.Ct. 561, 84 L.Ed. 738. The Board has no power to afford relief to the plaintiff.

■ The remedy afforded in the instant case is to redress a private wrong to the injured party. It does not interfere, in any manner, with the public remedies of the Board. This action can not bar the Board from proceeding. If it finds that the defendant has engaged in an unfair labor practice it can proceed, in the public interest to stop its continuation. If, however, it should decertify the plaintiff as the bargaining agent, that would put an end to the injunction in the private litigation. For that power is one with which the courts can not interfere.

■ The court is allowing the Board to intervene and is over-ruling the motion to dismiss for the reasons stated in its former opinion in this cause. The defendant will be restrained during the pendency of this action from continuing the unfair labor practices except the order shall not interfere, in any manner, with the National Labor Relations Board taking such action as it deems appropriate on the charge pending before it in case 5W–C–38 between these parties nor in any event shall the order remain in fofce after said Board decertifies plaintiff as bargaining agent.

Order Allowing Intervention and Overruling Motion to Dismiss.

The National Labor Relations Board having moved to intervene on the 24th day of January, 1948 and although the hearing on the evidence was held on January 2, 1948 on the granting of a temporary restraining order and briefs have been filed with the court, the court, in the exercise of its discretion allows the intervention but over-rules the motion to dismiss because the same motion was made by the defend-

Page 168
ant and the defendant cited the same authorities...

Exception by National Labor Relations Board. Exception allowed.

ant and the defendant cited the same authorities now relied on by the intervenor and no new issue is presented and no question of law raised that has not heretofore been considered.

Exception by National Labor Relations Board. Exception allowed.